**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

UNITED STATES OF AMERICA

vs.	Case No. 6:12-cr-228-Orl-37KRS

CASEY DICKERSON

**ORDER**

This cause is before the Court on Defendant Casey Dickerson's Motion for De Novo Review of the Issue of Bond (Doc. 24), filed October 9, 2012. The Government opposes the Motion. (Doc. 31.) After careful consideration of counsel's arguments, the relevant law, and the record as a whole, the Court finds that it is not necessary to hold an evidentiary hearing to resolve the issues raised in the Motion. *United States v. King*, 849 F.2d 485, 490 (11th Cir. 1988).

**BACKGROUND**

Defendant was arrested on August 19, 2012, and charged with violating Title 18 U.S.C. § 2243(a) while onboard a ship in international waters. (Doc. 1.) The Magistrate Judge held a detention hearing on August 20, 2012. (Doc. 10.) After taking evidence and argument from the Government and the Defendant, the Magistrate Judge ordered the Defendant detained. (Docs. 6, 10.) The Magistrate Judge stated his factual findings with regard to detention in open court as follows:

> In the matter of the preliminary hearing, I find the government has offered sufficient evidence to establish probable cause to believe that a crime was committed and the defendant is responsible, so he will be held to answer for further proceedings.
>
> In the matter of pretrial release and detention that's governed by the Bail Reform Act as set forth in Title 18 of the United States Code Section 3142. Under that Act the Court is called upon to make a determination whether

> conditions can be set which in combination will provide reasonable assurance of both the presence of the defendant and the safety of the community if the defendant is released.
>
> In making that determination, the Court is directed to look at the nature and circumstances of the charge, the seriousness of the charge, the weight of the evidence, and the personal and individual characteristics of each defendant.
>
> In this case we do have a very serious charge carrying the potential for very severe criminal penalties if the defendant is ultimately convicted. In terms of the weight of the evidence, we're obviously at the very preliminary portions of the investigation, but we do have multiple statements taken by law enforcement and other personnel, including statements from the defendant that are inculpatory, not all of them entirely clear, but there's a consistency and a—the stories are told in substantial degree.
>
> Looking at the defendant's characteristics, we have an individual who does have reasonably strong community ties and some family support here. He does have some issues with respect to that in terms of other relationships and—I have little doubt that his employment would be disrupted by this matter. The—and he also has some issues with respect to his encounters with law enforcement and the judicial system in the past.
>
> The overarching concern I have here is the circumstances of the events charged and the nature of those events. Given those, I think in terms of risk of flight I could probably set conditions that would provide assurance that the defendant would be present, but I don't—I don't know of any conditions I could set short of custody that would provide reasonable assurance of the safety of the community given what's been presented here. So I am going to order the defendant be detained and held in custody pending further proceedings in the case.

(Doc. 10, August 20, 2012 Hearing Trans. at 24:3 to 25:23.) The Magistrate Judge issued a written order of detention which incorporated the findings articulated in the hearing later that same day. (Doc. 6.) Subsequently, the Defendant was indicted for violating Title 18 U.S.C. § 2241(a) and Title 18 U.S.C. § 2243(a). (Doc. 12.)

Defendant now moves this Court for a *de novo* review of the Magistrate Judge's detention order. (Doc. 24.)

## STANDARDS

The Bail Reform Act provides for district court review of a magistrate judge's detention order. 18 U.S.C. § 3145(b). This review is *de novo*, in that the district judge conducts an independent review of the facts. *King*, 849 F.2d at 490. The district judge may conduct an evidentiary hearing if he "determines that additional evidence is necessary or that factual issues remain unresolved" after reviewing the defendant's motion, or he may rely on the pleadings and evidence considered by the magistrate judge to determine that the magistrate judge's "factual findings are supported and that the magistrate [judge]'s legal conclusions are correct." *Id.*

If the district judge conducts an evidentiary hearing, he "must enter written factual findings and written reasons supporting [his] decision," whether or not the court ends up adopting the magistrate judge's pretrial detention order. *Id.* at 490-91. Similarly, written findings are required when the district judge adopts the magistrate judge's recommendation "but finds that certain of the magistrate [judge]'s underlying conclusions or factual findings are incorrect or unsupported by the evidence." *Id.* at 491. However, if the district judge determines that the magistrate judge's factual findings are supported and that his legal conclusions are correct, the district judge may "explicitly adopt" the magistrate judge's pretrial detention order without writing his own findings of fact and statement of reasons supporting detention. *Id.* at 490.

## ANALYSIS

Based on an independent and *de novo* review of the evidence, the legal arguments offered by the parties in briefing, and the reasons explained below, this Court affirms the Magistrate Judge's detention order and adopts the order as the opinion of the Court. Further, as discussed below, the Court makes additional findings

which support the Defendant's detention in this case.

## The Bail Reform Act

The Bail Reform Act provides that a court "shall order the pretrial release of the person" unless the court determines "that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 18 U.S.C. § 3142(b). Section 3142(b) requires that, before the Defendant may be released, the Court must find that there is a condition or combination of conditions that will assure both his appearance at trial and the safety of any other person and the community. Detention is warranted unless both assurances are satisfied. *United States v. Fortna*, 769 F.2d 243, 249 (5th Cir. 1985) ("The wording of the Act, particularly the first sentence of section 3142(e), makes it evident that the lack of reasonable assurance of *either* the defendant's appearance *or* the safety of others or the community is sufficient; both are not required." (emphasis in original) (footnote omitted)).

## The Magistrate Judge's Detention Order

Here, the Magistrate Judge was presented with evidence that the Defendant was charged with a single count. Based on the nature and circumstances of the charge, its seriousness, the weight of the evidence, and the personal and individual characteristics of the Defendant, the Magistrate Judge determined that he did not know of any conditions short of custody that would provide reasonable assurance of the safety of the community. This Court agrees with the Magistrate Judge's determination and factual findings and, therefore, adopts them as its own.

## Subsequent Developments Support Detention

Furthermore, there is an additional reason of record that supports the

Defendant's detention. Subsequent to the detention hearing, the Defendant was indicted by a grand jury for violating Title 18 U.S.C. § 2241(a) and Title 18 U.S.C. § 2243(a). (Doc. 12.) The victim of these alleged crimes was a minor. (Doc. 1.) As such, Title 18 U.S.C. § 3142(e)(3)(E) provides a rebuttal presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. *See United States v. Quartermaine*, 913 F.2d 910, 916 (11th Cir. 1990) ("A grand jury indictment provides the probable cause required by the statute to trigger the presumption."). The Defendant, therefore, carries the burden of production to come forward with evidence that rebuts the presumption. *Id.*

The evidence offered by the Defendant at the detention hearing and proffered in the present Motion do not overcome the combination of the presumption and the evidence presented by the Government. First, the nature and circumstances of the crimes charged do not weigh in favor of release, particularly in view of the Defendant's alleged role in the crimes and the involvement of minors as victims and alleged accomplices. Second, the evidence against the Defendant, which includes his own inculpatory statements, is substantial. This factor weighs in favor of detention. Third, the Defendant's character and history is, at best, neutral; but this Court concludes that this factor tips in favor of detention as well. While the Defendant does not appear to have a substantial criminal history, he has failed in the past to abide by court orders and the requirements of the law. This propensity is particularly troubling to the Court in view of the crimes charged in the indictment, which suggest a conscious disregard for the safety of minors. Further, the Court is hesitant to release back into the community a defendant who is alleged to have participated in the charged crimes. Less invasive measures, such as home confinement with electric monitoring, would not prevent the

Defendant from coming into contact with other minors. Given the consequences that would ensue if additional crimes against a minor were to occur, this Court finds that the last factor also weighs in favor of detention.

Based on the evidence presented at the August 20, 2012 detention hearing and the evidence proffered by the Defendant in his Motion, the Court finds that no set of conditions of release will assure the safety of the community. The Government has carried its burden of proving by clear and convincing evidence that pretrial detention is warranted.

## CONCLUSION

In view of the above, the Defendant's Motion for De Novo Review of the Issue of Bond (Doc. 24) is **DENIED**. The Court hereby **ADOPTS**, as the opinion of the Court, the Magistrate Judge's pretrial detention order and the factual findings stated on August 20, 2012, in open court. The Defendant shall remain detained pending trial.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on October 26, 2012.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record

6